**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LOYSHANE LILES,** | ) | **Case No. 3:06 CV 1917** |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **Judge Dan Aaron Polster** |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **ROB JEFFRIES, Warden,** | ) | **AND ORDER** |
| | ) | |
| **Respondent.** | ) | |

Before the Court is the Report and Recommendation of Magistrate Judge James S. Gallas ("R&R") **(ECF No. 15)**. Pending is Petitioner Loyshane Liles' habeas corpus petition, filed under 28 U.S.C. § 2254 **(ECF No. 1)**. Liles' petition challenges the constitutionality of his conviction on seven different grounds: (1) denial of due process right to appeal sentence; (2) ineffective assistance of trial counsel; (3) violation of Miranda rights; (4) ineffective assistance of counsel; (5) violation of equal protection; (6) violation of double jeopardy protections; and (7) violation of right to jury determination of findings increasing a sentence beyond maximum statutory penalties. *Id.* Respondent, on December 5, 2006, moved to dismiss the petition as time-barred or, alternatively, procedurally defaulted and lacking merit. (ECF No. 9.) The Magistrate Judge, in his August 28, 2008 R&R, recommended dismissing the petition as time-

barred.[1] On September 6, 2006, Liles filed his Objections to the Magistrate Judge's R&R (**ECF No. 17**).[2]

Having reviewed the record and the relevant case law, the Court agrees with the Magistrate Judge's findings and conclusion. Liles' habeas corpus petition was filed outside of the applicable one year statute of limitations and thus was untimely pursuant to 28 U.S.C. § 2244(d) . Liles was sentenced on March 25, 2004. Under Ohio R.App. P.4(A), he had 30 days, or until April 24, 2004, to file an appeal of his sentence. Because April 24, 2004 fell on a Saturday, he had to file his appeal no later than Monday, April 26, 2004. Liles did not file an appeal and therefore the statute of limitations commenced on April 27, 2004, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1).[3] On August 12, 2004, Liles filed his first motion for delayed appeal under Ohio R. App. 5(A), tolling the statute of limitations period after 107

---

[1] The Magistrate Judge also recommended that five of seven of Plaintiff's grounds for petition be procedurally defaulted. Because the petition was time barred, the Magistrate Judge did not review the merits of any of Plaintiff's grounds.

[2] Liles' Objections were received by the Court on October 9, 2008. Though Petitioner did not sign and date the Objections, he certified that he served the Objections on counsel for the Respondent on September 6, 2008. In accordance with the mailbox rule, the Court considers September 6 to be the date of filing. *See Nesbitt v. Bradshaw*, No. 5:04cv1557, 2007 WL 1023302, at *2 (N.D. Ohio Mar. 30, 2007).

[3] Liles argues that judgment did not become final on this date, as he was still free to bring a motion for delayed appeal under Ohio R.App. 5(A). Therefore, because his direct appeal was still ongoing, *Blakely v. Washington*, 542 U.S. 296 (2004), which was decided shortly after on June 24, 2004, applies to the instant petition. Motions for delayed appeal under Ohio R. App. 5(A) are considered part of the collateral postconviction process rather than direct appeal. *Granger v. Hurt*, 90 Fed. Appx. 97, 100 (6th Cir 2003) ("Rule 5(A) motions are treated as part of collateral review") *citing Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). Because *Blakely* does not retroactively apply to postconviction collateral proceedings made final before its decision, *Humphress v. U.S.*, 398 F.3d 855 (6th Cir. 2005), *cert. denied*, 546 U.S. 885 (2005), it does not apply to this habeas petition.

days had run. Liles' motion was denied on October 6, 2004. His 45 day period to appeal the denial, under Ohio S.Ct. R. II § 2(A)(1)(a) expired on November 23, 2004, whereupon the 28 USC § 2244 statute of limitations period resumed. Seventy-five days later on February 7, 2005, Liles filed a second motion for delayed appeal, once again tolling the statute of limitations period. His motion was denied on April 13, 2005; he filed a timely appeal with the Ohio Supreme Court which was denied on September 7, 2005, and a motion for reconsideration which was denied on October 26, 2005. With the statute of limitations period resuming the next day on October 27, 2005, 297 more days passed before Liles filed a post-conviction petition in the Allen County Common Please Court on July 31, 2006, tolling the statute of limitations period. Adding these 277 days to the 107 and 75 day periods results in 459 days, 94 days beyond the one year Liles had to file his petition. Thus, the filing of Liles' habeas petition two days later, on August 2, 2006, occurred after the statute of limitations had run. Moreover, nothing in the record suggests that equitable tolling of the limitations period is warranted. As such, Liles' petition was untimely pursuant to 28 U.S.C. § 2244(d).

Accordingly, the Court hereby **OVERRULES** Liles' Objections **(ECF No. 17)**, and **ADOPTS** the Magistrate Judge's Report and Recommendation **(ECF No. 15)**. Consequently, the underlying petition for writ of habeas corpus **(ECF No. 1)** is **DENIED**.

    **IT IS SO ORDERED.**

    */s/Dan A. Polster    October 30, 2008*
**Dan Aaron Polster**
**United States District Judge**